UNITED STATES of America,
Plaintiff – Appellee,

v.

William E. JACKSON, Defendant –
Appellant.

No. 03–15296.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2004.*

Decided May 13, 2004.

Larry L. Butrick, U.S. Attorney Office, Honolulu, HI, for Plaintiff–Appellee.

Georgia K. McMillen, Esq. Wailuku, HI, for Defendant–Appellant.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

William Jackson appeals the district court's ruling denying his motion to vacate, alter, or set aside his sentence under 28 U.S.C. § 2255, claiming that his trial attorney was ineffective for failing to investigate his criminal history during pretrial plea negotiations. We affirm.

To establish ineffective assistance of counsel, Jackson must bear the burden of proving that defense counsel's perform-

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ance fell below an objective standard of reasonableness and that the deficiency prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel generally has an "obligation to conduct a thorough investigation of the defendant's background" to discover evidence in mitigation of sentence. *Williams v. Taylor,* 529 U.S. 362, 396, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (citations omitted.) But counsel may also reasonably decide, based on tactical or other considerations, that a particular investigation is unnecessary or risky. *Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

■ Counsel's justification for not investigating – his concern that it would expose harmful information that would help the government prove the sentence enhancement – was neither unreasonable nor tactically unsound. *See Roe v. Flores–Ortega,* 528 U.S. 470, 481, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (noting that tactical decisions must be reasonable) *cf also, Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052 (noting that a decision not to investigate based on a well-founded fear that it would be harmful to the defendant will not be deemed unreasonable).

■ Even if defense counsel's decision had been unreasonable, Jackson fails to show a reasonable probability that the outcome of the proceedings would have been different but for the error. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Jackson faced identical sentence ranges with or without the plea agreement or sentence enhancement. Given that Jackson was adamant that he receive a plea offer with a

five-year sentence, it is unlikely that he would have entered a plea agreement with a minimum sentence of more than double that term. Thus, Jackson fails to show that counsel's alleged ineptitude led him to reject the government's plea offer. *See United States v. Blaylock,* 20 F.3d 1458, 1465–66 (9th Cir.1994). Moreover, as the district court found, it is speculative at best whether any level of investigation by defense counsel would have exposed the status of Jackson's prior conviction before trial and in time to convince the government to make a plea offer without the enhancement. *See, Ortiz v. Stewart,* 149 F.3d 923, 933 (9th Cir.1998) (rejecting ineffective assistance claim based on a failure to investigate where the defendant failed to show that investigation would have revealed helpful evidence).

AFFIRMED.